UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSIAH DAVID BETHEL,
    Petitioner,

vs.                                              Case No.:  4:21cv391/MW/EMT

RICKY D. DIXON,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Josiah David Bethel (Bethel) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). Respondent (the State) filed a motion to dismiss the petition as untimely (ECF No. 8), with relevant portions of the state court record (ECF Nos. 8-1 through 8-7). Bethel responded in opposition to the motion to dismiss and submitted additional portions of the state court record (ECF No. 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the timeliness issue, it is the opinion of

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary for the Florida Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d).

the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the State's motion to dismiss should be granted, and the habeas petition dismissed as untimely.

I.   BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF Nos. 8-1 through 8-7; ECF No. 10 at 8–88).[2] Bethel was charged in the Circuit Court in and for Leon County, Florida, Case No. 2015-CF-2999, with one count of sexual battery (ECF No. 8-1 (information)). A jury found Bethel guilty as charged (ECF No. 8-2 (verdict)). On June 20, 2016, the state court adjudicated Bethel guilty and sentenced him to a split sentence of ten years in prison followed by two years of sex offender probation (ECF No. 8-3 (judgment)). Bethel appealed the judgment to the Florida First District Court of Appeal (First DCA), Case No. 1D16-2858 (*see* ECF No. 8-4 (Bethel's amended initial brief)). The First DCA affirmed the judgment per curiam without written

---

[2] The court refers to the document numbers and page numbers automatically assigned by the court's electronic filing system.

opinion on May 7, 2018 (ECF No. 8-5 (decision)). *Bethel v. State*, 246 So. 3d 271 (Fla. 1st DCA 2018).

On December 6, 2018, Bethel filed a motion to correct illegal sentence in the state circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (ECF No. 8-6 (Rule 3.800 motion)). The circuit court summarily denied the Rule 3.800(a) motion on February 6, 2019 (ECF No. 8-7 (order)). Bethel did not appeal the decision.

On June 26, 2019, Bethel filed a motion for DNA testing in the state circuit court, pursuant to Rule 3.853 of the Florida Rules of Criminal Procedure (ECF No. 10 at 11–14 (Rule 3.853 motion)). On September 6, 2019, Bethel filed a motion to amend, which the court granted (ECF No. 10 at 27–28 (motion to amend); *id.* at 30 (order)). Bethel then filed a reply brief and an amended Rule 3.853 motion in September of 2019 (ECF No. 10 at 32–35 (reply brief); *id.* at 37–42 (amended Rule 3.853 motion)). After additional filings from the State and Bethel, the circuit court issued a non-final order, on January 23, 2020, dismissing Bethel's Rule 3.853 motion as legally insufficient, without prejudice to his filing an amended motion within sixty days (ECF No. 10 at 54–55 (non-final order)). Bethel filed an amended Rule 3.853 motion by the deadline (ECF No. 10 at 67–72 (amended Rule 3.853 motion)). On

June 22, 2020, the circuit court issued a final order denying the amended Rule 3.853 motion (ECF No. 10 at 86–88 (final order)).  Bethel appealed the decision to the First DCA, Case No. 1D20-215 (*see* ECF No. 1 at 6–7).  On March 19, 2021, the First DCA affirmed the lower court's decision per curiam without written opinion (*see* ECF No. 1 at 7).  *Bethel v. State*, No. 1D20-2153, 2021 WL 1054109, at *1 (Fla. 1st DCA Mar. 19, 2021).

Bethel commenced this federal habeas action on September 20, 2021 (*see* ECF No. 1).  He asserts the following two claims:

> Ground One:  "Petitioner was denied his rights to due process of law and a fair trial when the trial court abused its discretion in overruling defense counsel's objections to the improper comments by the prosecutor where the cumulative effect denied Petitioner his constitutional rights."
>
> Ground Two:  "Petitioner was denied his rights to due process of law when the trial court denied Petitioner's second amended pro se postconviction motion for DNA testing."

(ECF No. 1 at 10–20, 22–28).

II.   APPLICABLE LEGAL STANDARDS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  *See* 28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

>    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision, which provides, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." *See* 28 U.S.C. § 2244(d)(2).

Federal habeas petitioners may also invoke the doctrine of "equitable tolling." *See Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If the petitioner fails to establish both extraordinary circumstances and diligence, then equitable tolling is not available. *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). "Each case turns on its own facts." *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). The petitioner bears the burden of showing that equitable tolling is warranted. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002), *overruled on other grounds as recognized by Jones v. Sec'y, Fla. Dep't of Corr.*, 906 F.3d 1339, 1351 (11th Cir. 2018).

Even if a petitioner is not entitled to tolling, federal review of untimely claims may be available. The Supreme Court has consistently reaffirmed the existence and importance of a "fundamental miscarriage of justice" exception to procedural and time bars. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) (citations omitted). The Court recognized that a "credible showing of actual innocence" provides a "gateway" through which a petitioner may pursue his federal habeas claims on the merits notwithstanding his failure to file his habeas petition within the statute's otherwise applicable limitations period. *McQuiggin v. Perkins*, 566 U.S. 386 (2013). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). To pass through this gateway, however, a petitioner must satisfy the standard for actual innocence articulated by the Supreme Court in *Schlup*. Under *Schlup*, a petitioner must show that, in light of newly presented evidence, "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt," *id.* at 327, or, to remove the double negative, "that more likely than not any reasonable juror would have reasonable doubt," *House v. Bell,* 547 U.S. 518, 538 (2006).

*Schlup* makes clear that, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324. This new evidence must do more than counterbalance the evidence that sustained the petitioner's conviction. *See Sibley v. Culliver*, 377 F.3d 1196, 1207 (11th Cir. 2004) (concluding that even if new evidence showed that the murder victim was the aggressor, "a reasonable juror could still quite possibly have concluded that [petitioner] acted with murderous intent, rather than out of self-defense"). The new evidence must be so significant and reliable that, considered with the trial record as

a whole, it "undermine[s] confidence in the result of the trial." *Schlup*, 513 U.S. at 327 (internal quotation marks omitted).

## III. DISCUSSION

The State contends, and Bethel does not dispute, the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment, pursuant to § 2244(d)(1)(A) (*see* ECF No. 8 at 2). Applying that trigger, Bethel's judgment of conviction becomes final, for purposes of § 2244(d)(1)(A), upon expiration of the 90-day period in which he could seek direct review of his conviction in the United States Supreme Court. The 90-day period runs from the date of entry of the judgment sought to be reviewed. *See* U.S. Sup. Ct. Rule 13; *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Calculating the finality date in Bethel's case, the 90-day period for seeking certiorari review in the Supreme Court was triggered by the First DCA's affirmance in the direct appeal on May 7, 2018, and it expired ninety days later, on August 5, 2018. The federal limitations period commenced the next day, on August 6, 2018.[3]

---

[3] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

The limitations period ran untolled for a period of **122 days** until December 6, 2018, the date Bethel filed his Rule 3.800(a) motion. The federal clock stopped until March 8, 2019, upon expiration of the 30-day period for Bethel to appeal the circuit court's order of February 6, 2019, denying the motion. The limitations period re-commenced on March 9, 2019 and expired **243 days** later, on November 7, 2019 (**122 days + 243 days = 365 days**). Bethel's § 2254 petition, filed on September 20, 2021, was untimely.

Bethel argues he is entitled to tolling for the period his Rule 3.853 motion for DNA testing was pending (ECF No. 10 at 1–5). The Eleventh Circuit has rejected the argument that a Rule 3.853 motion for DNA testing qualifies for statutory tolling under § 2244(d)(2). *See Brown v. Sec'y Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008).

As for equitable tolling, Bethel asserts the record of the Rule 3.853 motion demonstrates he has been diligently pursuing his rights (*see* ECF No. 10 at 4). He alleges he "had to deal with extreme circumstances beyond his control," including limited access to the law library, reliance upon other inmates for assistance, and institutional transfers due to Hurricane Michael, which affected the Florida Gulf Coast in 2018 (*id.*).

The very fact that Bethel was able to regularly file pleadings and motions in state court from June 2019 to March 2021, including several filings in September 2019, refutes his assertion that extraordinary circumstances stood in his way and prevented him from timely filing his federal habeas petition by November 7, 2019 (his federal filing deadline). Bethel has not satisfied his burden of showing that equitable tolling is warranted in this case. *See, e.g., Bell v. Sec'y, Dep't of Corr.*, 248 F. App'x 101, 104–05 (11th Cir. 2007) (state prisoner's inability to access prison law library was not extraordinary circumstance beyond his control that prevented him from timely filing his habeas petition despite his due diligence, as required to justify equitable tolling of one-year limitations period in Antiterrorism and Effective Death Penalty Act (AEDPA); prisoner did not formally request access to prison law library until more than 11 months after limitations period had expired, there was no record evidence that before limitations period expired prisoner diligently attempted to determine applicable limitations period or that prison officials thwarted his efforts, and prisoner filed three pro se motions for post-conviction relief in state court during relevant time period).

Bethel additionally argues he is entitled to federal review of his claims through the "actual innocence" exception to the time bar (*see* ECF No. 10 at 5–6). As

discussed *supra*, *Schlup* makes clear that, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324.

Here, Bethel has not come forward with new reliable evidence; rather, he alleges such evidence *would exist* if DNA testing was performed on swabs collected from his hands the day the victim reported to police that Bethel inserted his finger into her vagina without her consent (the factual basis for the sexual battery charge). Bethel opines *if* such DNA testing was done on the hand swabs, it would show the absence of the victim's DNA, which would prove he did not insert his finger into her vagina.

*Schlup* requires new evidence that *actually exists*, not evidence that may be discovered with additional investigative methods. Bethel has not met the *Schlup* standard and thus may not gain federal review of his time-barred claims through the fundamental miscarriage of justice exception.

IV.   CONCLUSION

Bethel's federal habeas petition was not filed within the one-year statutory limitations period; and he has not shown he is entitled to federal review of his habeas claims through the "actual innocence" gateway recognized in *McQuiggin*. Therefore, the State's motion to dismiss should be granted, and the habeas petition dismissed with prejudice as untimely.

V.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists

could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to substitute Ricky D. Dixon for Mark Inch as Respondent.

And it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 8) be **GRANTED**.

2. That the petition for writ of habeas corpus (ECF No. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

Case No.: 4:21cv391/MW/EMT

Page 14 of 14

At Pensacola, Florida, this 25th day of January 2022.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control**. **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 4:21cv391/MW/EMT